UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| ACT Holdings, LLC, | ) | C/A No. 0:17-cv-02408-DCC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| U.S. Precious Metals, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon Plaintiff's Motion for Default Judgment. ECF No. 10. The summons was returned executed on October 11, 2017. ECF No. 5. Defendant has failed to file a responsive pleading or otherwise appear in this action as required by the Federal Rules of Civil Procedure, and Entry of Default was entered against it by the Clerk of Court. ECF No. 8. On December 1, 2017, Plaintiff filed a Motion for Default Judgement. ECF No. 10. Plaintiff submitted a verification of the Complaint and an affidavit in support of its Motion. ECF No. 10-1. The time for response has lapsed and this motion is ripe for review.

The court may enter a default judgment against a party that has not properly responded to a complaint in a timely manner. Fed. R. Civ. P. 55. A defendant has 21 days after being served the summons and complaint to file a written response before default will be entered. Fed. R. Civ. P. 12(a)(1); 55. When a defendant defaults, the court is to accept as true the well-pleaded factual allegations in the complaint as to the defendant's liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–1 (4th Cir. 2001). Unlike allegations of fact, the court does not accept allegations regarding damages as true, but rather makes its own independent determination. *Eg., Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151 (2d Cir. 1999). In this regard, "[a]

default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Here, Defendant failed to plead or otherwise defend within 21 days of being served with the summons and Complaint and is now in default. Therefore, Plaintiff's allegations in the Complaint are deemed admitted and it is entitled to a default judgment against Defendant. Fed. R. Civ. P. 55(b)(2). *See, e.g., Bank Meridian, N.A. v. Motor Yacht "It's 5 O'Clock Somewhere" Official No. 1073764*, C/A No. 2:09-594-MBS, 2011 WL 2491369, at *2 (D.S.C. June 21, 2011). Plaintiff provided invoices in support of its request for damages. ECF No. 1-4. In determining the amount of prejudgment interest, Plaintiff calculated the amount from the date of breach, August 28, 2015, through the date of the filing of the Motion for Default Judgment, December 1, 2017. Plaintiff used an 8.75% interest rate, which is the legal rate of interest in South Carolina. Plaintiff's total damages amount to $546,167.09.

It is, therefore, **ORDERED** that Plaintiff's motion for default judgment, ECF No. 10, is **GRANTED**, that judgment is **ENTERED** in favor of Plaintiff and against Defendant, and that Plaintiff is **AWARDED** $456,716.37 in damages and $89,450.72 in prejudgment interest.

                                                                s/Donald C. Coggins Jr.
                                                                United States District Judge

Dated: December 21, 2017
Spartanburg, South Carolina